**In re Pamela Wanda HAMILTON, Debtor.**

**Pamela Wanda HAMILTON, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

Bankruptcy No. 95–03964–APG.

Adversary No. 96–00177–APG.

United States Bankruptcy Court, M.D. Alabama.

April 24, 1997.

---

Cameron A. Metcalf, Espy & Metcalf, P.C., William W. Hinesley, Johnston, Hinesley, Flowers & Clenney, P.C., Dothan, AL, for Debtor/Plaintiff.

Cynthia Lewis Stier, United States Department of Justice, Tax Division, Washington, DC, for Defendant.

## OPINION

A. POPE GORDON, Bankruptcy Judge.

The debtor filed a complaint under 11 U.S.C. § 505 to determine the debtor's 1991 income tax liability to the Internal Revenue Service.[1]

The government filed a motion for summary judgment which the parties submitted to the court on briefs of counsel.

The undisputed facts are as follows.[2]

1. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (O).

2. The parties agree that there are no genuine issues of material fact.

3. The debtor predicated the action on breach of contract and fraud.

4. The parties deducted $3,145.31 in costs; the trial attorney received $506,888.75; the debtor, $506.888.76.

5. Specifically, the debtor reported $489,966.00 of the judgment as gross income on her 1991 tax return. This amount represents the punitive damages actually received by the debtor.

6. In addition, the Internal Revenue Service allowed a partial deduction for the attorney's con-

The debtor recovered a $1,016,765.82 judgment against an insurance company after the company refused to pay claims under the debtor's health and hospitalization policy.[3] One million dollars of the judgment represents punitive damages.

After deduction of costs, the debtor's trial attorney received 50% of the judgment under a contingent fee contract.[4] The debtor received the remaining 50%.

The debtor reported only 50% of the punitive damage award as gross income on her 1991 federal tax return.[5]

The Internal Revenue Service, after an audit, included 100% of the punitive damage award as gross income to the debtor.[6] The adjustment increased the debtor's tax liability by $111,144.16.

The debtor filed a petition under chapter 13. The Internal Revenue Service filed a claim for the unpaid tax.

The debtor filed the instant complaint under 11 U.S.C. § 505 to determine whether the amount paid under the contingent fee contract is income to the debtor.[7]

The Internal Revenue Service filed a motion for summary judgment relying on *Baylin v. United States*, 43 F.3d 1451 (Fed.Cir. 1995).

However, *Baylin* is contrary to *Cotnam v. Commissioner*, 263 F.2d 119 (5th Cir.1959) which binds this court.[8] *Cotnam* relied

tingent fee as an itemized expense and added the award into the alternative minimum tax calculation.

7. The debtor also requested the court to determine that the amount of the judgment is excludable from gross income as compensation for injuries or sickness under 26 U.S.C. § 104. The argument is without merit. The judgment entered for breach of contract and fraud—not injuries or sickness—and is basically noncompensatory. Consequently, the amount of the judgment is not excludable from gross income under § 104. *Commissioner v. Schleier*, 515 U.S. 323, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995).

8. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (*en banc*) (decisions of the former Fifth Circuit bind courts in the Eleventh Circuit).

heavily on Alabama law in holding that the amount of an attorney's contingent fee is not income to the taxpayer.[9]

The Internal Revenue Service has not presented any arguments not considered in *Cotnam.*

Moreover, the Fifth Circuit has twice upheld *Cotnam. See Jones v. Commissioner,* 306 F.2d 292 (5th Cir.1962); *Bath v. United States,* 480 F.2d 289 (5th Cir.1973).

This court is not aware of any cases in which the Eleventh Circuit has considered the *Cotnam* issues.

The court therefore concludes, under *Cotnam,* that the contingent fee received by the trial attorney for the debtor under the contingent fee contract is not income to the debtor.

This decision does not limit taxation of the total amount of the judgment as income. It merely apportions the income to the proper entities.

Judgment will enter for the debtor.

---

9. *See* 263 F.2d at 125. Alabama law provides an attorney with a lien on an action and judgment of his client. *Ala.Code* § 34–3–61(b). Alabama law further gives an attorney "the same right and power over action or judgment to enforce their liens as their clients had or may have for the amount due thereon to them." *Id.*